IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CURRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-751-DRH-RJD |
| | ) |
| KIMBERLY BUTLER et. al, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 20). Defendants did not file an objection. For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Plaintiff is currently proceeding on the following claims:

**Count 1** – Butler, Brooks, Walls, Trost, Siddiqui, and Lashbrooks were deliberately indifferent to Plaintiff's serious heart condition in violation of the Eight Amendment;

**Count 2 –** Wexford Health Sources had an unconstitutional policy or custom that prevented Plaintiff from receiving treatment for his serious heart condition in violation of the Eight Amendment;

**Count 3** – Butler, Trost, and Lashbrooks were deliberately indifferent to Plaintiff's unconstitutional conditions of confinement in violation of the Eighth Amendment.

Plaintiff seeks leave to amend his complaint to clarify details of the case and to clarify how Defendants violated his constitutional rights.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Amended Complaint clarifies how Defendants allegedly violated Plaintiff's constitutional rights; it does not alter the claims or parties to the case. Plaintiff's request to amend the complaint is timely and does not cause undue delay. The case is not yet set for trial. Defendants do not object to the motion to amend and will not be unfairly surprised or prejudiced.

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 20) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed complaint as the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED:   January 25, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**