IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-751-DRH-RJD |
| | ) | |
| KIMBERLY BUTLER et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Now pending before the Court are multiple Motions filed by Plaintiff.

**1. Motions for Recruitment of Counsel (Docs. 3, 33, 43) and Motion to Supplement Document 3 (Doc. 8).** Plaintiff's Motion to Supplement Doc. 3 to demonstrate Plaintiff has attempted to recruit counsel is **GRANTED**. For the reasons set forth below, Plaintiff's Motions for Recruitment of Counsel are **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually

and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met his burden in attempting to recruit counsel on his own. However, the Court finds that Plaintiff appears competent to litigate this matter on his own. A review of Plaintiff's filings in this matter demonstrates Plaintiff's ability to read, write, and understand the English language. Moreover, Plaintiff was able to cogently set forth his claims in his complaint and has demonstrated his ability to follow the directions of the Court. Finally, the Court finds that recruitment of counsel at this time is premature as no schedule has been entered, and the question of exhaustion of administrative remedies is still outstanding. For these reasons, Plaintiff's Motions for Recruitment of Counsel (Docs. 3, 33, 43) are **DENIED**.

2. **Motion for Issuance of Subpoenas (Doc. 45).** Plaintiff requests the issuance of subpoenas to Menard Correctional Center and the Illinois Department of Corrections. Plaintiff's proposed subpoenas fail to identify the material being requested. It is also not apparent that Plaintiff followed the service requirements set forth in Rule 45(a). Rule 45(a)(3) requires that the requesting party complete the subpoena forms and make arrangements (and pay) for someone to serve the subpoenas on the individuals from whom he seeks to obtain documents. The party who seeks the subpoena is responsible for paying the associated costs even if the court has found that the party is indigent. See *Armstead v. MacMillian*, 58 F.App'x 210, 213 (7th Cir. 2003)

(unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants..."). Plaintiff would be better off seeking records and documents in the custody of Menard and IDOC through party discovery. In light of the procedural defects of the subpoena, Plaintiffs Motion for Issuance of Subpoenas (Doc. 45) is **DENIED**.

3. **Motion for Court-Appointed Expert Witnesses (Doc. 54).** Plaintiff seeks an Order appointing an expert, at Plaintiff's expense, to discuss his medical condition and the living conditions in the segregation unit. The appointment of a medical expert pursuant to Federal Rule of Evidence 706 may be necessary to "help sort through conflicting evidence . . . , but [the court] need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turn v. Cox*, Fed.Appx. 463, 468 (7th Cir. 2014), citing *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997). In *Ledford*, the Seventh Circuit noted that "[t]he test for deliberate indifference is not as involved as that for medical malpractice" and requires a subjective determination of whether an official "knows of and disregards a substantial risk of an inmate's health or safety." *Id.* at 359. If an expert could assist a jury in understanding evidence or deciding facts at issue, an expert may be used; however, expert testimony is not required to explain understandable symptoms.

Plaintiff states that an expert is required to explain how the living conditions of the segregation unit have exacerbated his medical condition and caused him pain and suffering. Plaintiff specifically requests an expert to testify regarding how the lack of ventilation, exposure to mold, mildew, rust, and bacteria, lack of hot water, and exposure to unsanitary conditions, have caused him pain and suffering. Plaintiff suffers from a heart defect and breathing problems. The effects of the housing situation and the pain and suffering Plaintiff has endured as a result of his living conditions are matters that are within the ordinary understanding of a jury. The

explanation of facts to a jury regarding housing conditions does not require an expert. Plaintiff's Motion for a Court-Appointed Expert (Doc. 54) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   January 25, 2018

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**