# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEVEN CURRY,**

    **Plaintiff,**

**v.**                                            **No. 17-751-DRH-RJD**

**KIMBERLY BUTLER et. al,**

    **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### INTRODUCTION

Now before the Court is plaintiff's three (3) appeals from Magistrate Judge Daly's non-dispositive Order (doc. 57) of January 25, 2018, denying plaintiff's numerous motions for recruitment of counsel (docs. 3, 33, 43); denying plaintiff's motion for issuance of subpoenas (doc. 45); and denying plaintiff's motion for court-appointed expert witnesses (doc. 54). While Magistrate Judge Daly addressed each of plaintiff's three motion categories in one Order – recruitment of counsel, subpoenas, and expert witness appointment – plaintiff addressed each category in a separate appeal. For efficiency, the Court addresses all three appeals (docs. 65, 66, 67) at once. Based on the following, the Court affirms Magistrate Judge Daly's January 25, 2018 Order and denies each plaintiff's three appeals.

**A. Legal Standard**

Local Rule 73.1(a) of the Southern District of Illinois provides:

> (a) Appeal of Non-Dispositive Matters – 28 U.S.C. § 636(b)(1)(A)

> Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of the Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. ***A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law***. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

*Id.* (emphasis added).

Also, under Federal Rule of Civil Procedure 72(a), the Court may modify or reverse a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

*Id.*

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States*

*v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

**B. Plaintiff's Appeal from Order Denying Motions for Recruitment of Counsel**

A court may request that an attorney represent a person unable to afford counsel if the court has determined that 1. Plaintiff made reasonable efforts to secure counsel, and 2. If plaintiff has made such reasonable efforts, whether plaintiff is competent to try the case himself given the intricacies and complexities of the matter. *See e.g. Jackson v Country of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) and *Farmer v Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993). In denying his motions for counsel, plaintiff argues that while considering step two, Magistrate Judge Daly failed to acknowledge that plaintiff only has an 8th grade education so that the claims he brings touches on aspects beyond his comprehension, (doc. 67, p. 4; p. 7), and as such, should have been deemed unfit to try the case himself.

The Court finds that the appeal regarding the motions for recruitment of counsel lacks merit. Plaintiff has not shown that Magistrate Judge Daly's Order is clearly erroneous or contrary to law. In the January 25, 2018 Order, Magistrate Judge Daly specifically held:

[T]he Court finds that Plaintiff appears competent to litigate this matter

> on his own. A review of Plaintiff's filings in this matter demonstrates Plaintiff's ability to read, write, and understand the English language. Moreover, Plaintiff was able to cogently set forth his claims in his complaint and has demonstrated his ability to follow the directions of the Court.[1]

Doc. 47, p. 2.

This Court agrees that a review of the filings in this case demonstrates that plaintiff is extremely active in responding, objecting, and appealing to all appropriate motions and orders. Plaintiff's attention to detail in his filings indicates his competency to proceed sans counsel. Magistrate Judge Daly has committed no clear error in finding that plaintiff has shown the proclivity and ability to proceed with his case *pro se*. Accordingly, plaintiffs appeal (doc. 67) regarding his motions for recruitment of counsel (docs. 3, 33, 43) is **DENIED.**

### C. Plaintiff's Appeal from Order Denying Motion for Issuance of Subpoenas

In denying plaintiff's motion for issuance of subpoenas (doc. 57), Magistrate Judge Daly held that it was not apparent plaintiff followed the service requirements of Rule 45(a) and the proposed subpoenas failed to identify the material being requested. Doc. 57, p. 2. In his appeal, plaintiff argues that Magistrate Judge Daly "knew exactly what [he] was requesting in [his] subpoena forms" (doc. 65, p. 2) and that his request was "made in good faith and intent for preparation for a preliminary injunction hearing that was set for January 30, 2018." *Id*. at p. 3. Besides the obvious that the hearing the subpoenas were

---

[1] The Court notes that Magistrate Judge Daly also referenced the motions for counsel being premature as the question of exhaustion of remedies was still outstanding. This is still the case. On February 26, 2018, a scheduling order was entered that sets dispositive motions regarding exhaustion of administrative remedies due on April 26, 2018.

intended for has now come and passed, Magistrate Judge Daly did not rely on any erroneous case law or rule of law in making her findings and the undersigned is left with no firm conviction that a mistake has been committed. *Weeks,* 126 F.3d at 943. Plaintiff's appeal (doc. 65) concerning his motion for issuance of subpoenas (doc. 45) is **DENIED.**

### D. Plaintiff's Appeal from Order Denying Motion for Court-Appointed Expert Witnesses

In the January 25, 2018 Order, Magistrate Judge Daly specifically found that no court appointed expert was needed to aid in explaining to a jury the effects that living conditions may have on health. Doc. 57, p. 3. "The effects of the housing situation and the pain and suffering Plaintiff has endured as a result of his living conditions are matters that are within the ordinary understanding of a jury. The explanation of facts to a jury regarding housing conditions does not require an expert." *Id*. at pgs. 3-4. Plaintiff disagrees with this conclusion in his appeal, (doc. 66), arguing that "most jurys (*sic*) have never been to prison."

The Court finds that Magistrate Judge Daly's Order of January 25, 2018 denying plaintiff's motion for court-appointed expert witnesses makes no findings contrary to the law. A layperson does not need expert testimony to understand the conditions plaintiff complains of and the court "need not appoint an expert for a party's own benefit or to explain symptoms to can be understood by a layperson." *Turner v. Cox*, 569 Fed.Appx. 463, 468 (7th Cir. 2014). Thus, plaintiffs appeal (doc. 66) is **DENIED** as Magistrate Judge Daly made no clear error of law.

# CONCLUSION

The Court finds that all three of plaintiff's appeals miss the mark. Plaintiff brought up no new arguments in his appeals, but merely re-argued his positions from the original motions. Plaintiff did not establish that Magistrate Judge Daly's Order is clearly erroneous or contrary to the law. Magistrate Judge Daly's January 25, 2018 Order is well written and clearly sets out the reasons for her rulings. Judge Daly relied upon the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and upon appropriate case law. Moreover, Magistrate Judge Daly certainly had the discretion to find as she did and accordingly her rulings are not subject to a finding that they are contrary to the law. Thus, there is no reason for this Court to vacate Magistrate Judge Daly's Order.

Accordingly, the Court **AFFIRMS** Magistrate Judge Daly's Order (doc. 57) and **DENIES** Plaintiff's three appeals from Magistrate Judge Daly's non-dispositive Order of January 25, 2018, denying plaintiff's motions for recruitment of counsel (docs. 3, 33, 43); denying plaintiff's motion for issuance of subpoenas (doc. 45); and denying plaintiff's motion for court-appointed expert witnesses (doc. 54).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.06
17:04:46 -06'00'

**United States District Judge**