IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN CURRY,

    Plaintiff,

v.                                                    No. 17-cv-651-DRH-RJD

KIMBERLY BUTLER, et al.,

    Defendants.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### INTRODUCTION & BACKGROUND

This matter comes before the Court on the Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly on February 14, 2018 (doc. 83). The Report recommends that the Court deny plaintiff's motion for preliminary injunction (doc. 11). Plaintiff Curry has objected to the Report (doc. 86) and defendants filed a response to plaintiff's objections (doc. 91). Based on the applicable law, the record, and the following, the Court **ADOPTS** the Report (doc. 83) in its entirety and **DENIES** the motion for preliminary injunction (doc. 11).

Plaintiff Curry brought this pro se action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court screened Curry's

complaint pursuant to 28 U.S.C. § 1915A and the following claims were allowed to proceed:

> **Count 1** – Butler, Brooks, Walls, Trost, Siddiqui, and Lashbrook were deliberately indifferent to Plaintiff's serious heart condition in violation of the Eighth Amendment;
>
> **Count 2** – Wexford Health Sources had an unconstitutional policy or custom that prevented Plaintiff from receiving treatment for his serious heart condition in violation of the Eighth Amendment;
>
> **Count 3** – Butler, Trost, and Lashbrook were deliberately indifferent to Plaintiff's unconstitutional conditions of confinement in violation of the Eighth Amendment.

During this screening, the Court also noted that plaintiff included a request for a preliminary injunction in his prayer for relief and directed the Clerk of Court to docket a motion for the same, which is now the subject of this Order. Specifically, the motion for preliminary injunction requests the Wexford defendants provide plaintiff surgery to close the "hole" in his heart caused by a small ventricular septal defect, and that defendant Lashbrook transfer plaintiff to another prison that has adequate medical equipment and staff to monitor and treat plaintiff accordingly.

Defendants opposed the motion for preliminary injunction, (doc. 47), arguing that plaintiff failed on all prongs of the preliminary injunction standard and that the type of relief sought by plaintiff, namely one that requires an affirmative act by defendants, is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Plaintiff supported his motion in his reply (doc. 52) filed January 18, 2018. Magistrate

Judge Daly held an evidentiary hearing on the motion for preliminary injunction on January 30, 2018 (doc. 64). Pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Daly submitted the Report on February 14, 2018 (doc. 83). The Report recommends the Court deny Curry's motion for preliminary injunction finding that Curry failed to show that he will suffer irreparable harm absent injunctive relief and that plaintiff failed to show that he is reasonably likely to succeed on the merits of his claims that defendants are deliberately indifferent to his serious heart condition. *Id*. p. 4. The Report was sent to the parties with a notice informing them of their rights to appeal by way of filing "objections" within 14 days of service of the Report. Plaintiff timely filed objections on February 23, 2018 (doc. 86).

## **ANALYSIS**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id*.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure

3

to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Specifically, the Report found:

> Plaintiff has been seen by internal medical professionals at Menard for complaints regarding his heart on numerous occasions. Additionally, since April of 2016, Plaintiff has been referred to outside healthcare professionals on six occasions. On April 5, 2016, Plaintiff was sent out on medical furlough to Memorial Hospital of Carbondale ("Memorial") for a transesophageal echocardiography (TEE). Plaintiff was then referred to a cardiologist at Prairie Cardiovascular ("Prairie") in Carbondale. On June 16, 2016, Plaintiff was seen by Dr. Zeglin at Prairie who confirmed the TEE showed a small ventricular septal defect ("VSD"). She determined Plaintiff would need another TEE in the near future to characterize the outlet VSD better and see whether Plaintiff was a candidate for transcutaneous versus surgical repair as well as timing of the repair. (Defendant's Exhibit 1 at 110) On August 10, 2016, Plaintiff was sent for a follow-up appointment at Memorial where another TEE was performed. (Doc. 73 at 105). On December 9, 2016, Plaintiff saw Dr. Zeglin for a follow-up appointment. (*Id*. at 70). On August 4, 2017, Plaintiff had another follow-up with Dr. Zeglin where he was prescribed Lopressor and a repeat echocardiogram and pulmonary function test ("PFT") (Defendant's Exhibit 1 at 251, 254). On September 12, 2017, Plaintiff underwent the PFT at St. Joseph Memorial Hospital which showed (1) no evidence of air flow obstruction or restrictive lung disease, (2) no air trapping or hyperinflation, (3) moderate restriction in TLC, and (4) normal diffusion capacity (*Id*. at 260). Plaintiff's medical records indicate he has been approved for another cardiovascular follow-up to be scheduled in the near future.

*****

> Here, Plaintiff has failed to show that he will suffer irreparable harm absent injunctive relief. There is no evidence that he is in immediate need of heart surgery. Further, Plaintiff has failed to show that he is reasonably likely to succeed on the merits of his claim that Defendants

> are deliberately indifferent to his serious heart condition. All medical records indicate that his heart is being regularly monitored by medical staff, including cardiologists, and that heart surgery to repair the ventricular septal defect has not yet been prescribed. The cardiologist has documented that surgical repair or heart catheterization may be prescribed in the future. At this time, repair of the VSD has not been prescribed.
>
> Plaintiff has also failed to show that he will suffer irreparable harm absent a transfer to Dixon Correctional Center. Plaintiff testified that he could not identify any medical equipment present at Dixon that is not present at Menard. Medical staff at Menard is aware of, and monitoring, Plaintiff's medical conditions and he is being treated by outside specialists. Plaintiff provided no evidence of how his medical care would differ upon transfer.

Doc. 83, pgs. 3-4.

Here, the Court agrees with Magistrate Judge Daly's analysis in the Report and finds that Curry is not entitled to injunctive relief. In order to obtain a preliminary injunction, the moving party must how that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). A preliminary injunction is a drastic remedy and should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). The Court is not convinced that plaintiff has satisfied any of the prongs required for injunctive relief.

In his objections (doc. 86), plaintiff writes lengthy recitations of facts and arguments touching on matters outside the scope of the Report. *See e.g. id.* at p.

18, arguing for why plaintiff should be appointed counsel. When plaintiff does hit on his request for preliminary injunction, the Court determines his objections focus on prongs 1 and 3, success on the merits and irreparable harm. However, plaintiff's urgings do not amount to proving Judge Daly wrong. In fact, it appears more that plaintiff's objections **support** the Report's findings of fact and conclusions of law on these issues, as plaintiff admits that no recommendation was ever made to have the "hole" in his heart repaired at this time. *Id*. at p 8. Instead, the objections demonstrate that plaintiff simply does not agree with the conclusion that outside medical providers have arrived at regarding the necessary treatment regarding the VSD, i.e. no surgery.[1] *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (Mere dissatisfaction of disagreement with a doctor's course of treatment is generally insufficient to show deliberate indifference.) Plaintiff has been referred and allowed medical care outside of Menard on numerous occasions and the record proves to the Court that Wexford has not instituted any policy to deny those in need the opportunity to have necessary medical procedures performed. The staff at Menard has monitored and continues to monitor plaintiff's health conditions and have acted in accordance of medical advice.

Accordingly, the Court agrees with the Report and finds Curry not entitled to injunctive relief as he has not demonstrated a likelihood of success on the

---

[1] What is construed as objections relating to plaintiff's claim of deliberate indifference by defendants towards the living conditions at Menard, the Court finds plaintiff has solely repeated what he has stated before, in that his grievances to defendants have gone unanswered. Based on the record, these assertions have no merit. Additionally, plaintiff has provided no evidence on how his care upon transfer would differ.

merits on the deliberate indifference claims nor shown that he will suffer irreparable harm absent injunctive relief. Therefore, the Court **ADOPTS the Report** in its entirety (doc. 83) and **DENIES** plaintiff's motion for preliminary injunction (doc. 11).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.12
17:44:37 -05'00'

**United States District Judge**